1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ABEL LARA,

11            Petitioner,              No. 11-cv-1276 GEB CKD P

12        vs.

13   GARY SWARTHOUT,

14

15            Respondent.             FINDINGS AND RECOMMENDATIONS
     _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the November 2009 decision by the

18   California Board of Parole Hearings (BPH) finding him unsuitable for parole.  (Doc. No. 1, Ex.

19   A at 50-57.)  Petitioner claims that the BPH's decision was not supported by "some evidence" as

20   required by state law and in violation of his constitutional right to due process.

21            On January 24, 2011, the United States Supreme Court in a per curiam decision

22   found that the Ninth Circuit erred in commanding a federal review of the state's application of

23   state law in applying the "some evidence" standard in the parole eligibility habeas context.

24   Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia, Estelle v.

25   McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus

26   relief does not lie for errors of state law.'"  Id.   While the high court found that the Ninth

1

Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1  interest...." Id., at 863.  "No opinion of ours supports converting California's "some evidence"

2  rule into a substantive federal requirement."  Id., at 862.  Thus, it appears there is no federal due

3  process requirement for a "some evidence" review and it also appears that federal courts are

4  precluded from review of the state court's application of its "some evidence" standard.

5           A review of the petition in this case demonstrates that it is entirely based on an

6  alleged violation of California's "some evidence" requirement.  Thus, the petition should be

7  dismissed for the reasons discussed above.

8           Accordingly, IT IS HEREBY RECOMMENDED that this petition be dismissed.

9           If petitioner files objections, he shall also address whether a certificate of

10 appealability should issue and, if so, as to which issues.  A certificate of appealability may issue

11 under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

12 constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

13 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

14          These findings and recommendations are submitted to the United States District

15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

16 days after being served with these findings and recommendations, petitioner may file written

17 objections with the court.  Such a document should be captioned "Objections to Magistrate

18 Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

19 within the specified time may waive the right to appeal the District Court's order.  Martinez v.

20 Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 DATED:    August 4, 2011

                                        /s/ Carolyn K. Delaney
22                              _____
                                        CAROLYN K. DELANEY
23                              UNITED STATES MAGISTRATE JUDGE

24
   2
25 lara1276.parole screening 'some evidence'.wpd

26